UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>       Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, CHAD PAGE, JACK FRASIER, NICOLE FRASER, KIM BAUSCH, TYLER NICODEMUS, SGT. BARROWS, LABONTE, KATHLEEN WILSON,<br><br>       Defendants. | Case No. 1:23-cv-00110-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

   Each prisoner complaint must be screened by the Court to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A. Plaintiff Jody Carr filed a prisoner civil rights action and a request to proceed in forma pauperis on March 17, 2023 (mailbox rule). Dkts. 3, 1. He has also filed a Motion to Amend his Complaint. Dkt. 5. Attached to each pleading are about 100 pages of documents, ostensibly showing that he "exhausted his administrative remedies," when, in reality, exhaustion of a claim requires only a few pages. While General Order 342 permits a plaintiff to file exhibits showing exhaustion, Plaintiff is abusing the system and wasting taxpayer-funded resources by filing hundreds of pages of "exhaustion" exhibits.
.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action, he brought four civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's cases that fit within the § 1915(g) prohibition are as follows:

- Carr v. Lytle & Dietz, 1:20-cv-00300-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021;

- Carr v. Cupp & Phillips, 1:20-cv-00301-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021, with judgment entered on April 19, 2022;

- Carr v. Page, 1:20-cv-00302-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021, with judgment entered on October 13, 2021;

- Carr v. Nye, et al., 1:22-cv-00332-JCC, dismissed with prejudice for failure to state a claim on December 9, 2022 (on appeal).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Plaintiff clearly is aware of the exception to the three strikes rule permitting three-strikes litigants to file in forma pauperis if they appear to be "under imminent danger of serious physical injury." In fact, he has included the words, "Filed Under Imminent Danger," in the title of his Amended Complaint. Dkt. 5, p. 3. As is his habit, Plaintiff weaves into his pleading exaggerated allegations of attempted "murder," comments about exacerbation of his physical health conditions by the stress of prison conspiracies against him, and lack of medical care. These allegations are an attempt to bypass his three-strikes status, even though his claims are about First and Fourteenth Amendment due process, free speech, and access to courts issues. In particular, he is incensed that prison officials wrote an email to each other characterizing Plaintiff's disciplinary offense guilty finding for making a false statement as "nothing but net," a popular phrase that indicates someone has achieved a clear victory. This statement has spawned numerous duplicative lawsuits from Plaintiff, despite his three strikes status. See, e.g., Case 1:23-cv-00110-BLW (this case); Case 1:22-cv-00200-DCN ("Case 200"); and Case 1:22-cv-00396-DCN ("Case 396")

Interestingly, Plaintiff's allegations that he may suffer "great bodily harm" if he cannot proceed with his claims also are cited as "damages" alleged to have been caused by numerous defendants in numerous other cases. See, e.g., Case 200, Case 396, Case cv-00491-DCN, and Case 1:22-cv-00332-JCC. In addition, it appears that some of these damages may have been asserted, and some of them settled, in a confidential settlement agreement. See United States District Court District of Idaho Case Nos. 1:13-cv-00380-REB, 1:14-cv-00125-BLW, 1:15-cv-00133-CWD, 1:16-cv-00182-DCN, 1:17-cv-00167-

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

DCN, and 1:18-00247-DCN, as well as Ada County Fourth Judicial District Court Case No. CV01-19-5023—all settled in Dkt. 15, sealed GSA in Case No. 1:18-cv-000247-DCN.[1]

In an abundance of caution to determine whether Plaintiff is under imminent danger of serious physical injury, which would permit him to bypass the three strikes requirement of having to pay the filing fee for this action, additional factual information is necessary to properly review this issue. The Court will order Defendants to provide a Martinez report to briefly address Plaintiff's allegations. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a screening determination under § 1915(a). *Id.* at 319. The Ninth Circuit approved the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

All relevant exhibits addressing these issues should be attached to the report. The Martinez report shall be filed within 60 days. Plaintiff may file a response to the Martinez report within 30 days after receiving it. The response shall be no more than 20 pages, with no more than 20 pages of exhibits. Thereafter, the Court will issue a successive review order determining whether Plaintiff has met the three strikes exception. Plaintiff must not file anything further in this case except a response to the Martinez report, if desired.

---

[1] If the proposed Amended Complaint violates the GSA, Defendants may fie a motion for sanctions.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for in Forma Pauperis Status (Dkt. 1) is DENIED without prejudice.

2. Plaintiff's Motion to Amend/Correct Complaint (Dkt. 5) is GRANTED to the extent that Docket No. 5 is the operative pleading in this case that will serve as the basis for the Martinez report. The attachments to this pleading are deemed abusive of General Order 342, which was designed to permit a few e-filed exhibits to show exhaustion, not hundreds of pages.

3. Within **60 days** after entry of this Order, Defendants shall make a limited special appearance and provide the following to Plaintiff and the Court in the form of a Martinez report any documents and information responsive to Plaintiff's allegations that he is in imminent danger of serious bodily injury and should be permitted to proceed in forma pauperis despite his three-strikes status.

4. Within **30 days** after the filing of the Martinez report, Plaintiff may file a response to the Report, observing the limitations set forth above.

5. Plaintiff shall file nothing further in this case except a response to the Martinez report.

6. The Clerk of Court shall provide an electronic copy of this Order, the proposed Amended Complaint (Dkt. 5), with exhibits, to Deputy Attorney General Mary Karin Magnelli at her registered CM/ECF addresses.

DATED: May 4, 2023

B. Lynn Winmill  
U.S. District Court Judge