UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>                 Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, CHAD PAGE, JACK FRASIER, NICOLE FRASER, KIM BAUSCH, TYLER NICODEMUS, SGT. BARROWS, LABONTE, KATHLEEN WILSON,<br><br>                 Defendants. | Case No. 1:23-cv-00110-BLW<br><br>**ORDER AFTER MARTINEZ REPORT** |

      In the Initial Review Order, the Court found that Idaho Department of Correction (IDOC) inmate Plaintiff Jody Carr's case history shows he has brought at least four civil actions that were dismissed for failure to state a claim or frivolousness. Dkt. 6. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g). Therefore, Plaintiff cannot proceed in a civil rights action unless he pays the full filing fee. The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

**ORDER AFTER MARTINEZ REPORT - 1**

Plaintiff clearly is aware of the exception to the three strikes rule permitting three-strikes litigants to file in forma pauperis if they appear to be "under imminent danger of serious physical injury." In fact, he has included the words, "Filed Under Imminent Danger," in the title of his Amended Complaint. Dkt. 5, p. 3. As is his habit, Plaintiff has woven into his pleading exaggerated allegations of attempted "murder," comments about exacerbation of his physical health conditions by the stress of prison conspiracies against him, and lack of medical care. These allegations are an attempt to bypass his three-strikes status, even though his claims are about First and Fourteenth Amendment due process, free speech, and access to courts issues. In particular, he is incensed that prison officials wrote an email to each other characterizing Plaintiff's disciplinary offense guilty finding for making a false statement as "nothing but net," a popular phrase that indicates someone has achieved a clear victory. This statement has spawned numerous duplicative lawsuits from Plaintiff, despite his three strikes status. *See, e.g.*, Case 1:23-cv-00110-BLW (this case); Case 1:22-cv-00200-DCN ("Case 200"); and Case 1:22-cv-00396-DCN ("Case 396").

Interestingly, Plaintiff's allegations that he may suffer "great bodily harm" if he cannot proceed with his claims also are cited as "damages" alleged to have been caused by numerous defendants in numerous other cases. See, e.g., Case 200, Case 396, Case cv-00491-DCN, and Case 1:22-cv-00332-JCC. In addition, it appears that some of these damages may have been asserted, and some of them settled, in a confidential settlement agreement. See United States District Court District of Idaho Case Nos. 1:13-cv-00380-REB, 1:14-cv-00125-BLW, 1:15-cv-00133-CWD, 1:16-cv-00182-DCN, 1:17-cv-00167-

**ORDER AFTER MARTINEZ REPORT - 2**

DCN, and 1:18-00247-DCN, as well as Ada County Fourth Judicial District Court Case No. CV01-19-5023—all settled in Dkt. 15, sealed GSA in Case No. 1:18-cv-000247-DCN.

In an abundance of caution to determine whether Plaintiff is under imminent danger of serious physical injury that would permit him to bypass the three strikes requirement of having to pay the filing fee for this action, the Court ordered Defendants to provide a Martinez report to briefly address Plaintiff's allegations. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a screening determination under § 1915(a). *Id*. at 319. The Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

Defendants have filed their Martinez report, with exhibits, including over six hundred pages of records documenting Plaintiff's recent medical care. Dkt. 7 to 9. Plaintiff has not filed a response to the Martinez report, but instead asks for an extension of time and a stay of this matter pending the United States Attorney General's review of Plaintiff's recent request that this Court and various IDOC officials be prosecuted for engaging in a conspiracy against him and other prisoners. In particular, Plaintiff alleges that this Court has wronged him in the manner in which the Court has implemented case management tools in his various cases. Plaintiff says that he mailed all of his original documents to the United States Attorney General. However, there is no reason why

**ORDER AFTER MARTINEZ REPORT - 3**

Plaintiff could not now articulate to the Court, based on Plaintiff's own day-to-day life experiences and the detailed Martinez report, how he currently is under imminent danger of serious bodily harm.

Having reviewed the Martinez report, the Court is satisfied that Plaintiff is not "under imminent danger of serious physical injury," such that he should be permitted to proceed in forma pauperis on claims wholly unrelated to his assertions of serious physical injury, harm, or lack of medical care. The Court finds that Plaintiff's requests for an extension of time or for a stay are not based on adequate grounds. Plaintiff will be required to pay the filing fee in this matter within 10 days after entry of this Order, or this case will be dismissed without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for a 60-Day Extension of Time to Respond to Martinez Report (Dkt. 10) is DENIED.

2. Plaintiff's Motion to Stay (Dkt. 11) is DENIED.

3. Plaintiff must pay the filing fee of $402 in this matter within 10 days after entry of this Order, or this case will be dismissed without prejudice.

DATED: September 1, 2023

B. Lynn Winmill
U.S. District Court Judge

**ORDER AFTER MARTINEZ REPORT - 4**